## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

JOSE GONZALEZ-GONZALES,

       Petitioner / Defendant

v.                                    Civil No. 98-1475 MV/WWD
                                      Crim. No. 94-262 MV

UNITED STATES OF AMERICA,

       Respondent / Plaintiff.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      1.  THIS MATTER comes before the Court upon Petitioner's Motion to Vacate, Set

Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255.  Petitioner is currently incarcerated,

serving a term of imprisonment following a jury trial which convicted him of conspiracy to

possess with intent to distribute more than 1,000 kilograms marijuana, contrary to 21 U.S.C. §

846, and possession with intent to distribute marijuana, contrary to 21 U.S.C. § 841(a)(1) &

(b)(1)(A).[1]  He was sentenced to the statutorily required minimum of 240 months incarceration on

each count to run concurrently, followed by 10 years supervised release.

      2.  The amended § 2255 petition, which was filed by Petitioner *pro se*, alleged twelve

grounds for error, each of which was responded to by the Government.  After the Government

responded, Petitioner retained the services of private counsel and the Court granted at least four

extensions of time in which to file a reply.  The reply addressed only one of the twelve grounds,

and added a second claim which the Court construed as a due process or "insufficiency of the

_____

    [1]  Petitioner's sentence was based on an offense level of 34 and criminal history category
of 2.  Gov't Resp. to § 2255 Pet., Ex. 8 at 59.

evidence" claim.

3.  This Court ordered Petitioner to clarify which of the other issues he intended to pursue.  See Court's Order of Apr. 14, 2000 (docket # 29).   When no clarification was submitted for several months, an Order was entered which considered all issues waived for the evidentiary hearing except for the two addressed in the reply.  See Court's Order of Sept. 21, 2000 (docket # 32).[2]  These two grounds are: (1) that counsel was ineffective because Petitioner was deprived of a favorable plea agreement and (2) that Petitioner was falsely identified as passenger in the car which was determined to be a "scout" vehicle for a tractor-trailer found to be carrying a load of marijuana by U.S. border patrol agents at a checkpoint in Las Cruces, New Mexico on March 26, 1994.

4.  On November 2, 2000, an evidentiary hearing was held, limited to the above two grounds.

**Proposed Findings and Conclusions - Plea Issue**

5.  In his ineffective assistance claim, Petitioner contends that he wanted to plead guilty and that Mr. Benninghoff told him that he had to proceed to trial because the judge would not allow him to plead guilty.  Ex. 4, §2255 Hearing at 3; Tr. of §2255 Hearing, at 63.

6.  Under the familiar analysis for ineffective assistance of counsel set out in Strickland v. Washington, 466 U.S. 668, 690-92 (1984), Petitioner must demonstrate both that his trial attorney's performance fell below an objective standard of reasonableness and that he was prejudiced by the deficient representation.

_____

[2]  In that Order, I stated that I would recommend waiver of the remaining grounds in these proposed findings, see Recommendation, below.

7. On December 5, 1994, after jury selection on the day his trial was to begin before Hon. Martha Vazquez, and after seeing his co-defendant enter a plea, and agree to testify against him, Petitioner informed the Court that he wished to plead guilty.   Judge Vazquez advised Petitioner to discuss his change of plea with counsel at the time, Ray Van Arnam, and return the next day. Tr. of Proceedings, Dec. 5, 1994; Gov't Resp. to § 2255 Pet., Ex. 2);[3]   Tr. of Proceeding, Nov.2, 2000 at 68:10-16 (hereinafter, "Tr. of § 2255 Hearing").

8.   The following day, pursuant to a plea agreement with the United States, Gonzalez pled guilty to Counts I & II of the Superseding Indictment, wherein Petitioner was to serve a term of imprisonment of fifteen years.

9. Subsequently, Gonzalez retained a private attorney, Charles Benninghoff, and Benninghoff's partner Martin Molina.  Mr. Van Arnum withdrew from the case (Crim. No. 94-262, # 128).

10.  On March 29, 1995, Petitioner filed a Writ of Coram Nobis, seeking to withdraw his December 6, 1994 plea, on the grounds that the plea was involuntary.  The Court granted the motion on June 5, 1995 (Crim. No. 94-262, # 124).

11. On November 2, 1995, Gonzalez again signed a plea agreement with the United States.  Ex. 6 from § 2255 Hearing.  Under the terms of the agreement, Petitioner would serve a statutory minimum of ten years.  Id., ¶ 4(a); Tr. of §2255 Hearing at 55.  The agreement was signed in anticipation of a change of plea hearing set for November 9, 1995 before Judge Vazquez.

12.  The transcript of the November 9th hearing reflects that Petitioner was not present

---

[3]  "Tr." refers to "Transcript."

because he was receiving medical care for illness from kidney stones at St. Vincent's hospital in Santa Fe. Tr. of Proceedings, Nov. 9, 1995, at 2 (filed in record on Feb. 9, 2000 as "United States' Filing of Transcript of November 9, 1995 Hearing").

13. Although the change of plea hearing was aborted due to the absence of Petitioner, defense counsel raised an issue concerning a change the Government had made in the plea agreement on the base offense level, moving it from 31 to 32. Counsel disagreed about whether the parties had agreed to a sentencing range or a base offense level.[4] Tr. of Proceedings, 11/9/95, at 5-6. However, except to the extent that they indicate that Petitioner did not in fact change his mind about pleading guilty at this particular proceeding, these facts are not material to the issue at bar.

14. Following this hearing, no other proceedings were held in this case until the Petitioner's trial which began on December 18, 1995. The trial notice was entered on November 29, 1995 (Crim.No. 94-262, #146).

15. Defense counsel has sparse recollection of the specific facts during the relevant time. However, Mr. Benninghoff does remember that "sometime in the month of November," Petitioner told him that he wanted to go to trial and that the decision was "very much" against his advice. Tr. of §2255 Hearing at 44:8-22; 46:7-9; 47:18-25.

16. The affidavit in which Mr. Molina states that Petitioner told Judge Vazquez on

---

[4] According to the plea agreement, the parties stipulated to a base offense level of 31, which carries a sentencing range of 108-120 months. Ex. 6 from §2255 Hearing, ¶ 6(e). At the same time, the plea agreement acknowledged that Petitioner would be sentenced to a minimum of 10 years (or 120 months). Id., at ¶ 4(a); Tr. from §2255 Hearing at 55. The Government argued that the sentencing range of 121 to 151 months (based on offense level 32) governed the terms of the agreement.

November 9, 1995 that he wanted to proceed to trial (when Petitioner was in fact in the hospital during that time), weighs in as evidence which neither advances Petitioner's cause nor significantly damages the Government's position.  See Ex. 5 from §2255 Hearing, ¶¶ 9 & 10. Also, in a letter dated December 24, 1999  to the attorney who initially represented the Government after this § 2255 petition was filed, Mr. Benninghoff had the same mistaken recollection.  Ex. 8 from § 2255 Hearing, at 2.  As a self-serving document, the Molina affidavit is entitled to little, if any weight.  Tr. of § 2255 Hearing at 41.  Further, the statements in both these documents would not necessarily be incongruent with memories that were dimmed by time or affected by ill health.[5]

17.  The fact that Petitioner did *not* change his mind about entering a plea of guilty on November 9, 1995 is an interesting turn of events but does not answer the real question:  Did Petitioner decide not to plead guilty and tell counsel that he wanted to proceed to trial sometime between the November 9th hearing and his trial on December 18, 1995?  After reviewing all the pleadings and documents in the record, along with a careful consideration of all the testimony given at the November 2, 2000 evidentiary hearing,  I find that he did.

18. Defense counsel worked up a very favorable second plea agreement for Petitioner, considering what his sentencing exposure would be at trial.  Petitioner was well aware of the risks.  Exs. 2 & 3 from §2255 Hearing.  Mr. Benninghoff had no financial incentive to bring the case to trial, since he was paid the same amount whether it resulted in a guilty plea or a trial.  Tr.

---

[5]  Mr. Benninghoff stated that in 1998, he had a heart attack and three surgeries which have affected his memory.  Tr. of §2255 Hearing at 12:1-5.  Mr. Molina also had health problems around the time of Petitioner's trial, which required hospitalization.  Tr. of §2255 Hearing at 63:20-25; 64:1.

of §2255 Hearing at 45:16-25; 46:1-4.

19.  On the other hand, I do not find Petitioner's version of events to be credible, in light of all the circumstances of this case.  He decided to plead guilty the first time on the day of trial and three months later wanted to withdraw the plea.  He is not a novice to the criminal justice system, having entered a guilty plea once before on a 1989 conviction.  Tr. of §2255 Hearing at 67:15-25; 68:1-9.  Yet, throughout the three days of his trial, he never once attempted to advise the Court nor his counsel that he wanted to plead guilty and not proceed with the trial.  Id. at 73:23-24.

20. Neither did he speak up at his sentencing hearing a few months after his trial.  Instead of telling the Court that he had wished to plead guilty to the charges, he insisted at great length that he was innocent of the charges, that the only way he could be convicted was "through lies," and that he had previously decided to plead guilty even though he was not.  Tr. at 74:21-25; 75 to 78 (citing Ex. 8 from Gov't Resp. to § 2255 Pet., at 40-41, 46).

21.  Given the way the trial went and the fact that the plea agreement had envisioned  the possibility of a further reduction of Petitioner's criminal history category, Tr. of §2255 Hearing, 61:22-25; 62:1, 22-25; 63:1, it is not difficult to understand why Petitioner would regret proceeding to trial and now argue that he had wanted to plead guilty all along.[6]

22. This court may address the performance and prejudice components in any order and need not address both if a petitioner fails to make the requisite showing for one.  See Walker v. Gibson, 228 F.3d 1217, 1230 (10th Cir. 2000).

---

[6]  At the hearing, Petitioner also mentioned that Mr. Molina had, at one time, promised that he would get a sentence between six and ten years, Tr. of §2255 Hearing at 60:19-25, although this is not supported by any other testimony or document.

23.  Based on the foregoing findings of fact, I conclude that counsel was not ineffective and that Petitioner was not deprived of a favorable plea agreement.  Relief on this ground should be denied.

### Proposed Findings and Conclusions - Sufficiency of Evidence

24.  Petitioner also alleges that he was falsely identified as a passenger in the car which was determined to be a "scout" vehicle for a tractor-trailer found to be carrying a load of marijuana by U.S. border patrol agents at a checkpoint in Las Cruces, New Mexico on March 26, 1994.

25.  This issue was raised and addressed on direct appeal, framed as a sufficiency of the evidence question regarding Gonzalez' conviction as opposed to the more narrow issue of his identity as the passenger in the gold Lincoln.  See U.S. v. Gonzalez-Gonzalez, (Table, text in WL), 1997 WL 527662 (10th Cir. N.M.).

26. In a sufficiency of the evidence inquiry, a court looks at all the evidence in the light most favorable to the government and draws all reasonable inferences in favor of the verdict to determine if the evidence is substantial enough to establish guilt beyond a reasonable doubt. U.S. v. Johnson, 42 F.3d 1312, 1319 (10th Cir.1994).  The evidence must do more than raise a mere suspicion, but it need not conclusively exclude all other reasonable possibilities.  Id.

27.  On appeal, the 10th Circuit examined the specific elements of the crime as well as credibility questions relating to the testimony of co-defendant Ramirez, and determined that Gonzalez was "clearly an integral part of the conspiracy," pointing to his role in scouting the checkpoint and his authority to direct the rig containing marijuana away from the checkpoint if it was open (although this backfired, since the rig was outside the range of the beeper and came

through, thinking it was closed).  The Court then concluded that Gonzalez' conviction for his involvement in the conspiracy was supported by the evidence.

28.    Issues previously considered and disposed of on appeal will not be considered for federal review under § 2255.  U.S. v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). Therefore, relief should be denied on this ground as well.

### Recommendation

I recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 be DENIED and that this cause be DISMISSED WITH PREJUDICE in its entirety.  I also recommend finding that any remaining claims in the amended petition be found to be WAIVED.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE