**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

02 MAR 13 AM 11: 01

[signature]
CLERK-SANTA FE

JOSE GONZALES-GONZALES,

Appellant,

vs.

UNITED STATES OF AMERICA,

Defendant.

98-CV-1478 MV/WWD
and CR 94-262 MV
United States Court of Appeals No. 01-2278

## MEMORANDUM OPINION and ORDER

**THIS MATTER** comes before the Court upon remand from the Tenth Circuit Court of Appeals, filed March 6, 2002 **[Doc. No. 50]**. In that Order, the Court of Appeals found that the presiding Magistrate Judge lacked authority to grant the appellant leave to file a late notice of appeal, on the basis that a Fed. R. App. P. 4(a)(5) extension must be granted by the District Court. The Court of Appeals also lacks jurisdiction to grant such an extension of time to file an appeal. Fed. R. App. P. 26(b)(1). For the reasons that follow, the Appellant's motion **[Doc. No. 44]** will be granted.

## STANDARDS

Federal Rule of Appellate Procedure 4(a)(5) allows the district court, upon a showing of excusable neglect or good cause, to extend the time for filing a notice of appeal upon a motion

51

filed not later than 30 days after the expiration of the time to appeal.[1] To determine whether

neglect is excusable, the court must equitably consider "all relevant circumstances surrounding

the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S.

380, 395 (1993). "The appropriate standard for relief under Rule 4(a)(5) at that point is therefore

'excusable neglect' rather than 'good cause' because the more lenient 'good cause' standard only

applies to requests for extensions of time made prior to the expiration of the 30-day appeal."

*Makin v. Department of Corrections*, 13 F.3d 406 (10th Cir. 1993) (unpublished disposition,

1993 WL 523205 at 1) (citing *U.S. v. Andrews*, 790 F.2d 803, 806 (10th Cir.1986)) "The

common theme running through cases finding 'excusable neglect' is that the delay in filing the

appeal resulted from unique or extraordinary circumstances, rather than the acts of the

Appellant." *Id..* "'Excusable neglect'. . . is a somewhat 'elastic concept' and is not limited

strictly to omissions caused by circumstances beyond the control of the movant." *City of*

*Chanute, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (citing *Pioneer*

at 392).

## FACTUAL BACKGROUND

On May 22, 2001, the appellant's attorney, Roger Hanson, filed a motion, affidavit and

exhibits, claiming that good cause existed for failing to file a timely appeal **[Doc. No. 44]**. The

motion was filed within thirty days of the expiration of appellant's time to appeal, pursuant to

---

[1] (5) Motion for Extension of Time.
    (A) The district court may extend the time to file a notice of appeal if:
        (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
        (ii) that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(i). Those documents showed that the attorney made efforts to file within the proper deadline, but had sent the materials to an out of date address. Mr. Hansen mailed the materials to the return address he ascertained from a letter received from the Clerk's Office earlier that week. On May 4, 2001, the certified mail Mr. Hanson had sent to the Clerk's Office within the filing deadline was returned to him, unopened. He immediately called the Clerk's Office and was informed that he had relied on the return address from an outdated envelope, and that the individual who had recently sent him mail had not known that she was mailing materials in outdated envelopes. As the forwarding arrangement with the United States Postal Service had expired, the letters were never received by the Clerk's Office. At that point, Mr. Hansen filed a Notice of Motion/Motion to Allow for Late Filing of Notice of Appeal From Denial of 28 U.S.C. 2255 Petition **[Doc. No. 44]**. Magistrate Judge William Deaton granted the motion **[Doc. No. 45]**. Upon review, the Tenth Circuit found that it lacked jurisdiction without prior District Court review of the Fed. R. App. P. 4(a)(5) matter.

## DISCUSSION

Upon review of the motion, affidavit, this Court finds that excusable neglect exists under Fed. R. App. P. 4(a)(5). The Clerk's Office had recently misled Mr. Hanson about its proper mailing address by using envelopes with an outdated return address after the expiration of the Postal Service's forwarding agreement. Although Mr. Hanson, in an abundance of caution, could have called to confirm the proper mailing address rather than relying on the return address of recent correspondence, the Tenth Circuit has never found that the excusable neglect standard requires such a high level of diligence. In *City of Chanute, Kan. v. Williams Natural Gas Co.*, 31

F.3d 1041 (10th Cir. 1994), the Tenth Circuit, in its determination of excusable neglect, cited the

First Circuit's finding that excusable neglect exists where a filing delay resulted from actions of

court personnel. *Id. (citing United States v. Twomey*, 845 F.2d 1132, 1134 (1st Cir.1988)).

Furthermore, Mr. Hansen had originally mailed the materials well within the time allotted, and

was acting in good faith on the accuracy of printed materials recently received from the Clerk's

Office.

## CONCLUSION

Wherefore, this Court finds that Mr. Hanson's neglect was excusable, and Appellant's

Motion to Allow for Late Filing of Notice of Appeal From Denial of 28 U.S.C. 2255 Petition

**[Doc. No. 44]** is hereby **GRANTED.**

Dated this __13th__ day of March, 2002.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Appellant:
Roger Hanson

Attorney for United States:
Renee Camacho